# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS, | ) Civil Action No. 7:18cv00598 |
|     Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| GAIL JONES, et al., | ) By: Michael F. Urbanski |
|     Defendants. | ) Chief United States District Judge |

Plaintiff David Meyers, a Virginia prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, while housed at Wallens Ridge State Prison. Meyers requests to proceed in forma pauperis. However, at least three of Meyers' previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, Meyers may not proceed with this action unless he either pays the filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Meyers has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice pursuant to 28 U.S.C. § 1915(g).[3]

---

[1] See, e.g., Meyers v. Jones, 7:18cv414 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous and malicious); Meyers v. Clarke, 7:18cv460 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous and malicious); Meyers v. U.S. District Court, Big Stone Gap Division, 7:18cv472 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); Meyers v. Northam, 7:18cv473 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); Meyers v. U.S. District Court, Roanoke Division, 7:18cv474 (W.D. Va. Nov. 2, 2018) (dismissed with prejudice as frivolous); Meyers v. Clarke, No. 7:18cv435 (W.D. Va. Sept. 7, 2018) (dismissed with prejudice as frivolous); Meyers v. Bass, No. 2:95cv774 (E.D. Va. Aug. 15, 1995) (dismissed without prejudice as frivolous); Meyers v. U.S. District Court, Richmond Division, No. 2:07cv363 (E.D. Va. Nov. 1, 2007) (dismissed with prejudice for failing to state a claim); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015) (holding that a "strike" dismissal is counted regardless to the timing of a subsequent appeal).

[2] Meyers has failed to demonstrate that he was under imminent danger of serious physical injury when he filed this action because his allegations either do not allege danger posed by the defendants' alleged actions; are too vague, speculative or conclusory; are fanciful; have no merit; or were already determined to be not credible. See Civil Action No. 7:19cv00003; see also Springer v. Day, No. 7:16cv261, 2016 U.S. Dist. LEXIS 76270, at *3, 2016 WL 3248601, at *1 (W.D. Va. June 13, 2016) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)) ("Courts have held that the imminent danger exception to § 1915(g)'s 'three strikes' rule must be construed narrowly and applied only for 'genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate' to the alleged official misconduct.")

**ENTER**: This 10th day of June, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[3] The court notes that Meyers filed an interlocutory appeal in this action and the United States Court of Appeals for the Fourth Circuit denied Meyers' request for leave to proceed in forma pauperis after finding that Meyers "has not made a colorable showing that he is in imminent danger of serious physical injury. Meyers v. Jones, No. 19-6148 (4th Cir. Mar. 27, 2019).